UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE S. MCKINNON,<br><br>Plaintiff,<br><br>v.<br><br>R. BINKELE, et al.,<br><br>Defendants. | Case No. 18-06035 EJD (PR)<br><br>**ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |

Plaintiff, a California state prisoner, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against officers at Salinas Valley State Prison ("SVSP"). After an initial screening, the Court found the complaint stated a cognizable claim under the Fourth Amendment based on an unjustified strip search. (Docket No. 7 at 2.) Plaintiff was granted an opportunity to file an amended complaint to attempt to allege physical injury in order to proceed with his claim for mental and emotional injury, and to state sufficient facts to state a claim against Defendant R. Binkele, Sgt. E. Macay, and Officer S. Wong. (*Id.* at 3-4.) In the alternative, Plaintiff was to file notice that he wishes to proceed solely on the Fourth Amendment claim and have all the other claims and Defendants stricken from the complaint. (*Id.* at 4-5.) Plaintiff has filed such a notice. (Docket No. 9.)

Accordingly, this action shall proceed solely on the Fourth Amendment claim against Defendants A. Lugue and C. Hernandez.

## DISCUSSION

### A.      Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

### B.      Plaintiff's Claims

In the initial screening order, the Court found the following claim cognizable:

> Plaintiff claims that on November 30, 2017, he was directed by Defendant Officer Lugue to speak with a potential cell mate. (Compl. at 3.) Plaintiff states that the inmate told him that he did not want to move with Plaintiff. (Id.) Plaintiff claims that before he was returned to his cell, Defendants Lugue and Hernandez ordered him into a shower and without closing the door, ordered him to strip-down "without cause in a disrespectful and unprofessional manner" and "to lift his nut sack so he could see what was under them." (Id.) When Plaintiff refused to do so, Defendant Hernandez stated to Defendant Lugue that "all black men don't have big dicks because you sure not big [sic]." (Id.) Then Plaintiff requested to talk to the Sergeant and was escorted back to his cell. (Id.) Plaintiff seeks damages for suffering "shame, humiliation, degradation, emotional distress, embarrassment, mental distress and other injuries" due to Defendants'

2

"willful, intentional, malicious, wanton, and despicable and conscious
disregard" of his rights. (Id.) Liberally construed, Plaintiff states a claim
under the Fourth Amendment based on the unjustified strip search that was
conducted "without cause." See <u>Bell v. Wolfish</u>, 441 U.S. 520, 561 (1979);
<u>Thompson v. Souza</u>, 111 F.3d 694, 700 (9th Cir. 1997).

(Docket No. 7 at 2.)  This action shall proceed based on the above cognizable claim.  In
accordance with Plaintiff's wishes, all other claims and Defendants shall be stricken from
the complaint.

## CONCLUSION

For the reasons state above, the Court orders as follows:

1.      The Clerk of the Court shall mail a Notice of Lawsuit and Request for
Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy
of the complaint, all attachments thereto, and a copy of this order upon **Defendants
Correctional Officers A. Lugue and C. Hernandez** at **Salinas Valley State Prison (P.O.
Box 1020, Soledad, CA 93960-1020)**.  The Clerk shall also mail a copy of this Order to
Plaintiff.

The Clerk shall terminate all other Defendants, i.e., R. Binkele, E. Macay, and S.
Wong, from this action as all the claims against them have been stricken from the
complaint.

2.      Defendants are cautioned that Rule 4 of the Federal Rules of Civil
Procedure requires them to cooperate in saving unnecessary costs of service of the
summons and the amended complaint.  Pursuant to Rule 4, if Defendants, after being
notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the
summons, fail to do so, they will be required to bear the cost of such service unless good
cause shown for their failure to sign and return the waiver form.  If service is waived, this
action will proceed as if Defendants had been served on the date that the waiver is filed,
except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file

an answer before **sixty (60) days** from the day on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due sixty  (60) days from the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

3.     No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the amended complaint found to be cognizable above.

a.     Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

b.     **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  <u>See</u> <u>Woods v. Carey</u>, 684 F.3d 934, 940 (9th Cir. 2012).**

4.     Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential

4

Wpkgf''Ucvgu''Fkuvtkev''Eqwtv''
Pqtyj gtp''Fkuvtkev''qh''Ecnkhqtpkc''

"

"

gngo gpv''qh''j ku''encko +0''Rnckpvkhh'ku'ecwvkqpgf''vj cv'hacknwtg''vq''hkng''cp''qr r qukkvkqp''vq''

F ghgpf cpwuo o qvkqp''hqt''uwo o ct{''lwf i o gpv'o c{''dg''f ggo gf ''vq''dg''c''eqpugpv'd{''Rnckpvkhh'vq''

vj g''i tcpvkpi ''qh''vj g''o qvkqp.''cpf ''i tcpvkpi ''qh''lwf i o gpv'ci ckpuv'Rnckpvkhh'y kj qwv'c''vtkcn0''Ugg''

I j c| c| crik'x0'O qtcp.''68''H5f ''74.''75676''*0*; vj 'Ekt03; ; 7+*''r gt''ewtkco +='Dt{f i gu'x0Ngy ku.''3: ''

H5f ''873.''875''*0*; vj 'Ekt03; ; 6+0''

"       70'    F ghgpf cpwu'uj cnl'hkng''c''tgr n{''dtkgh'pq''ncvgt''vj cp**fourteen (14) days**''chvgt''

Rnckpvkhhou'qr r qukkvqp'ku'hkngf 0''''

"       80'    Vj g''o qvkqp'uj cnl'dg''f ggo gf ''uwdo kwgf ''cu''qh''vj g''f cvg''vj g''tgr n{''dtkgh'ku''f wg0''

P q''j gctkpi ''y knl'dg''j gnf ''qp''vj g''o qvkqp''wpnguu''vj g''Eqwtv''uq''qtf gtu''c''ncvgt''f cvg0''

"       90'    Cnl'eqo o wpkecvkqpu'd{''vj g''Rnckpvkhh'y kj ''vj g''Eqwtv''o wuv'dg''ugtxgf ''qp''

F ghgpf cpwu.''qt''F ghgpf cpwuo eqwpugn'qpeg''eqwpugn'j cu''dggp''f guki pcvgf ..''d{''o cknkpi ''c''vtwg''

eqr {''qh''vj g''eqo o wpkecvkqp''vq''F ghgpf cpwu'qt''F ghgpf cpwuo eqwpugn0''

"       : 0'    F kueqxgt{''o c{''dg''vckgp''kp''ceeqtf cpeg''y kj ''vj g''Hgf gtcn'Twngu''qh''Ekxkn'

Rtqegf wtg0''P q''hwtvj gt''eqwtv''qtf gt''wpf gt''Hgf gtcn'Twng''qh''Ekxkl'Rtqegf wtg''52*c+*4+'qt''Nqecn'

Twng''38/3'ku''tgs wktgf ''dghqtg''vj g''r ctvkgu''o c{''eqpf wev''f kueqxgt{0''

"       ; 0'    K'ku''Rnckpvkhhou'tgur qpukdknkv{''vq''r tqugewvg''vj ku''ecug0''Rnckpvkhh'o wuv'ngggr ''vj g''

eqwtv'kphqto gf ''qh''cp{''ej cpi g''qh''cf f tguu''cpf ''o wuv'eqo r n{''y kj ''vj g''eqwtvou'qtf gtu''kp''c''

vko gn{''hcuj kqp0''Hcknwtg''vq''f q''uq''o c{''tguwnv'kp''vj g''f kuo kuuc n'qh''vj ku''cevkqp''hqt''hcknwtg''vq''

r tqugewvg''r wtuwcpv'vq''Hgf gtcn'Twng''qh''Ekxkl'Rtqegf wtg''63 *d+0''

"       320'   Gzvgpukqpu''qh''vko g''o wuv'dg''hkngf ''pq''ncvgt''vj cp''vj g''f cf nkpg''uqwi j v''vq''dg''

gzvgpf gf ''cpf ''o wuv'dg''ceeqo r cpkgf ''d{''c''uj qy kpi ''qh''i qqf ''ecwug0''

**IT IS SO ORDERED.**

**Dated:**    2/25/2019

GF Y CTF ''L0F CXKNC''
Wpkgf ''Ucvgu''F kuvtkev'Lwf i g''

"

7"